That case was followed and the same rule reasserted in Osgood v. People, 39 N. Y. 449.

The demurrer is overruled.

Ordered accordingly.

Supreme Court, Kings Special Term. February, 1897. Unreported.

In the Matter of the Application of EMILY G. SMITH to revoke the Liquor Tax Certificate of ROLAND P. MERRILL.

DICKEY, J. S. C.   From a careful reading of the testimony taken before the referee, I am satisfied that material statements in the application of the holder of the certificate were false, and that he was not entitled to a certificate.   His statement that only one dwelling was within two hundred feet of his saloon, and his attaching the consent of Philip E. Schenck as the owner of that dwelling, was a false statement.   That dwelling was not within two hundred feet, but the dwelling of this petitioner was within that distance.

While his statement was true as to one dwelling being within the distance, he has not the consent of that owner, so he was not entitled to a certificate.   There are plenty of places where liquor is now sold, without starting new places within two hundred feet of property used exclusively for dwellings, and it will do no harm to have it authoritatively understood that certificates will be revoked by courts unless the law is strictly complied with.

This certificate must be revoked and cancelled, with $25.00 costs and disbursements against him.

Supreme Court, Kings Special Term, February 15, 1897. Unreported.

PEOPLE ex rel. CHARLES REUSSE v. HARRY W. MICHELL for a Writ of Mandamus.

DICKEY, J.   This is an application for a writ of mandamus to compel the Special Deputy Commissioner of Excise of Kings county to issue a transfer of an excise license from Herman Heincke to Charles Reusse.   It is my opinion that the exception in subdivision 6 of section 17 of the Raines Law applies only to

such tenants of liquor stores, who were such at the time of the passage of the act. The intention of the lawmakers was to save them the necessity of getting the consent of the landlord, who had already leased them the premises to carry on the liquor business; but when a stranger to the owner applies for leave to carry on the business, I am convinced the law intended in such cases that the consent of the landlord should first be obtained, for while the owner of the property might consent that one man well known to him might carry on the liquor business in his building, it might well be that he would seriously object to another doing so. The manner of keeping a liquor store depends largely on the keeper. The law is meant to be restrictive in a measure, and the requirement that owners of buildings should consent before business may be carried on is a proper restriction.

Motion denied.